UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ROBERT PERKINS,               )
    Petitioner            )
                          )
        v.                )   C.A. No. 02-10460-MLW
                          )
                          )
LOIS RUSSO,                   )
    Respondent            )


<u>MEMORANDUM AND ORDER</u>


WOLF, D.J.                                    October 31, 2008

<u>Pro se</u> petitioner Robert Perkins sought a writ of habeas corpus pursuant to 28 U.S.C. §2254 on six grounds, including: (1) denial of the right to confront witnesses; (2) improper limitation on closing arguments; (3) ineffective assistance of trial counsel; (4) ineffective assistance of appellate counsel; (5) the prosecutor's failure to disclose exculpatory information; and (6) the prosecutor's subornation of perjury. <u>See</u> Aug. 31, 2007 Memorandum and Order. This court found all grounds unmeritorious. <u>Id.</u>  The petitioner filed a notice of appeal and seeks a Certificate of Appealability ("COA"), pursuant to 28 U.S.C. §2253, for claims five and six. For the reasons described in this memorandum, the request for a COA on ground five is being denied and the request concerning ground six is being allowed.

The court may not issue a COA unless the petitioner has made a "substantial showing of the denial of a constitutional right."

1

28 U.S.C. §2253(c)(2).  To make this showing, the COA applicant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong." Miller-El v. Cockrell, 537 U.S. 332, 338 (2003) (internal quotation marks omitted).  A claim "can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail." Id.  The threshold for obtaining a COA has been described as a "low standard."  Charles Alan Wright & Arthur R. Miller, 16A Federal Practice & Procedure §3968.1 (2007).  However, the "issuance of a COA must not be pro forma or a matter of course" because by enacting the Anti-Terrorism and Effective Death Penalty Act, 28 U.S.C. §2241 et seq, "Congress confirmed the necessity and the requirement of differential treatment for those appeals deserving of attention from those that plainly do not." Miller-El, 537 U.S. at 337.  The determination of whether the COA standard is met is a separate inquiry from review of the underlying merits of the habeas petition.  Id. at 341.

Petitioner was found guilty by a Massachusetts Superior Court jury of fourteen charges arising from the violent armed robbery and kidnapping of James Martin. See Commonwealth v. Perkins, No. 95-P-1915, 1 (Mass.App.Ct. Sept. 19, 1997). He raised the grounds at issue here, grounds five and six, in a second motion for a new trial, having previously raised grounds one through four on direct

appeal and on a prior motion for a new trial. See Commonwealth v. Perkins, No. 03-P-1248, at *1 (Mass.App.Ct. Jan. 31, 2005). These claims were based on an affidavit after petitioner's trial in which Martin stated that the arresting officer "stated to me that my testimony in the Perkins' armed robbery case would make things a lot easier for me in my drug case." Id. Petitioner argued that this evidence was relevant for impeachment purposes and that the prosecution failed to satisfy its obligation under Brady v. Maryland, 373 U.S. 83 (1963), to reveal that the police induced Martin to testify. See Defendant's Brief, Commonwealth v. Perkins, No. 03-P-1248 (Mass.App.Ct. Feb. 2004). Denying his motion for a new trial, the court found that (1) Martin identified petitioner as his assailant long before his own arrest, (2) Martin's affidavit also confirmed his trial testimony, and (3) the issue of whether Martin expected favorable treatment on his pending drug charges in return for his trial testimony had been presented to the jury and the trial judge, who decided the motion for a new trial, was in the best position to evaluate whether an evidentiary hearing on the issue was necessary. See Commonwealth v. Perkins, No. 03-P-1248 (Mass.App.Ct. Jan. 31, 2005).

Reviewing a state court decision on a §2254 petition the court may issue a writ of habeas corpus only if the judgment was "contrary to clearly established law as established by the Supreme Court," or where the judgment provided an "unreasonable application

of Supreme Court precedent." 28 U.S.C. §2254(d)(1). This court
found that the Massachusetts Appeals Court relied on the correct
Supreme Court precedent in reviewing this claim, and that its
judgment was not an unreasonable application of that precedent. See
Aug. 31, 2007 Memorandum and Order at 13-14. It noted that the
petitioner's Brady argument was rejected because he failed to
establish that he was prejudiced by the failure to disclose the
impeachment information at issue. Id. at 13. Quoting Strickler v.
Greene, 527 U.S. 263, 289-90 (1999), this court stated that in
order to establish prejudice the petitioner must show:

> that there is a reasonable probability that the result of
> the trial would have been different if the suppressed
> documents had been disclosed to the defense. As we
> stressed in Kyles [v. Whitley, 514 U.S. 419, 434 (1995)]:
> "the adjective is important. The question is not whether
> the defendant would more likely than not have received a
> different verdict with the evidence, but whether in its
> absence he received a fair trial, understood as a trial
> resulting in a verdict worthy of confidence."

Aug. 31, 2007 Memorandum and Order at 13. This court went on to
find that "the Appeals Court reasonably concluded that Martin's
testimony was sufficiently credible to assure that the defendant's
knowledge of the police inducement would have had no effect on the
verdict." Id. at 14.

Petitioner now argues that this court failed to recognize that
the Massachusetts Appeals Court did not properly apply the Kyles
standard in evaluating his Brady claim. Motion for Certificate of
Appealability ("Mot. for COA") at 3. Specifically, he argues that

4

the Massachusetts court "applied a sufficiency of the evidence test by weighing Martin's accusations of the [p]etitioner's involvement [sic] in a robbery against the offers of inducement for Martin's testimony." Id. Noting that Kyles prohibits use of a sufficiency of the evidence test, the petitioner states that "[t]he District Court should have applied the Kyles standard of review in evaluating the state court's handling of the Petitioner's Brady claim." Id. (citing Kyles, 514 U.S. at 435 n.8).

As explained earlier, in order show that he is entitled to a COA the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong." Miller-El, 537 U.S. at 338. In this case, that would entail finding that the question of whether the Massachusetts Appeals Court's decision was contrary to, or involved an unreasonable application of the governing law, was debatable. See 28 U.S.C. §2254(d)(1). The petitioner has failed to do so. As stated in the August 31, 2007 Memorandum and Order at 13, the question was whether the non-disclosure of the impeachment information in question undermined confidence in the verdict. See Strickler, 527 U.S. at 290. The Appeals Court noted several factors that would have lessened the impact of this information had it been disclosed. These included the facts that: (1) Martin identified the petitioner as his assailant multiple times prior to his own arrest for drug trafficking, including under oath to grand jury; (2) he

never wavered from the substance of his testimony that the
petitioner was his assailant, even in the later affidavit in which
he stated that he was induced to testify by the hope of favorable
treatment on his drug charges; and (3) the petitioner and his
counsel were aware of Martin's charges at the time of trial and
were allowed to question him before the jury on these charges and
to suggest that he hoped to curry favor through his testimony. See
Commonwealth v. Perkins, No. 03-P-1248 (Mass.App.Ct. Jan. 31,
2005)(referring to Brief and Appendix for the Commonwealth on
Appeal from the Suffolk Superior Court (July 2004) at 19-26). In
light of these facts, the Appeals Court affirmed the trial court's
denial of the petitioner's motion for a new trial. See id. This
result is entirely consistent with the Strickler standard and,
therefore, this court held that the Massachusetts Appeals Court
reasonably applied the correct precedent. See Aug. 31, 2007
Memorandum and Order at 14. Reasonable jurists would not find this
conclusion debatable.

The sixth ground of the petitioner's habeas petition, and the
second ground on which he now seeks a COA, is that the prosecution
suborned Martin's perjury because it allowed him to testify that he
had not been induced to testify against the petitioner by the
prospect of better treatment in his drug case. See Mot. for COA at
4. This court stated that, "[a]lthough the Supreme Court has not
established the exact standard of review where the government

6

suborns perjury, the First Circuit treats such actions like a <u>Brady</u> violation and as subject to an identical prejudice inquiry." Aug. 31, 2007 Memorandum and Order at 15 (citing <u>United States v. Gonzalez-Gonzalez</u>, 258 F.3d 16, 21 (1st Cir. 2001)). Thus, observing that "the lack of prejudice finding . . . applied equally to petitioner's <u>Brady</u> claim . . . and to his subornation of perjury claim," Aug. 31, 2007 Memorandum and Order at 14, this court found that "it was reasonable to conclude that the verdict would have been identical if Martin had not omitted his desire to curry favor through testimony." <u>Id.</u> at 15. Specifically, "Martin's testimony had sufficient indicia of reliability for the Appeals Court to reasonably conclude that the testimony's credibility would have been unaffected if the additional impeachment information had been disclosed . . . ." <u>Id.</u>

In his request for a COA, the petitioner asserts that the standard applied by the Massachusetts Appeals Court, and approved of by this court, was incorrect. Specifically, the petitioner argues that "a prosecutor's known use of perjured testimony and his failure to correct that perjured testimony [is] a type of <u>Brady</u> violation that require[s] a lesser standard of materiality. <u>See</u> Mot. for COA at 5. Thus, the petitioner takes issue with the fact that "[t]he District Court found that a prosecutor's knowing use of perjured testimony and a <u>Brady</u> violation were subject to "identical" standards of review." <u>Id.</u>

7

The petitioner's argument rests on Mastracchio v. Vose, 274 F.3d 590 (1st Cir. 2001), in which the First Circuit described two different standards for evaluating materiality. The first, which it labeled the Brady standard, it applied to cases in which the prosecution failed to disclose exculpatory or impeaching evidence. Id. at 601. The second, which it labeled the Agurs standard, referring to United States v. Agurs, 427 U.S. 97 (1976), it applied to cases involving subornation of perjury. Id. The court described this second standard as a "more defendant-friendly standard" that requires setting aside a conviction "if there is any reasonable likelihood that the false testimony could have affected the judgment of the jury." Id. (emphasis in the original).

Relying on United States v. Gonzalez-Gonzalez, 258 F.3d 16, 21 (1st Cir. 2001), this court held that the state court's analysis did not contradict the governing law. See Aug. 31, 2007 Memorandum and Order at 15. However, this court did not address the facts in the context of the lower Agurs standard of materiality described by the First Circuit in Mastracchio. Given the indicia of reliability supporting Martin's testimony, even under this lower standard the court does not now find that the petitioner has shown prejudice. Nevertheless, because this court did not address the Agurs standard described by the First Circuit in Mastracchio, this conclusion is debatable.

Accordingly, for the reasons described above, it is hereby

8

ORDERED that:

1.  Petitioner's Motion for a Certificate of Appealability (Docket No. 126) is DENIED with respect to petitioner's fifth ground, failure to disclose exculpatory information.

2.  Petitioner's Motion for a Certificate of Appealability is ALLOWED with respect to petitioner's sixth ground, subornation of perjury.

3.  The denial of the petitioner's request for a Certificate of Appealability on his fifth ground does not preclude petitioner from seeking a COA from the Court of Appeals for the First Circuit.  <u>See</u> Fed. R. App. Proc. 22(b)(1) ("If the district judge has denied the certificate, the applicant may request a circuit judge to issue the certificate").


        <u>    /s/ Mark L. Wolf    </u>
        UNITED STATES DISTRICT JUDGE